# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-163-FDW

| | |
|---|---|
| DANIELLE JERMAINE JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 1).

## I. Initial Screening

The Court has conducted an initial screening of the petition under Rule 4(b) and finds that it appears that the motion is untimely. 28 U.S.C. § 2255(f).

## II. Discussion

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f).

Here, Petitioner pled guilty on October 15, 2007, to conspiring to distribute, and possessing with the intent to distribute, one or more controlled substances, in violation of 21 U.S.C. § 841(a)(1). Petitioner did not appeal. Judgment was entered on January 5, 2009, and Petitioner was sentenced to 310 months imprisonment. Petitioner's conviction became final on or about January 19, 2009, when the time for filing a direct appeal expired. United States v. Johnson, 203 F.3d 823 (4th Cir. 2000) (unpublished); FED. R. APP. P. 4(b). Petitioner filed the instant Motion to Vacate more than three years later on March 9, 2012. It appears, therefore, that Petitioner's Motion to Vacate is untimely. Indeed, Petitioner admits that the instant petition was not filed within one year of the date in which his conviction became final. Petitioner contends, however, that

> [t]he one-year statute of limitations does not apply in my case, because under the "AEDPA's" amendment, [§ 2255(f)(4)] applies to me. "The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence" if counsel of record would have properly pursued these arguments I have. I waited over 2 years for counsel to file a requested appeal. A "COA" should be issued in this case.

(Doc. No. 1 at 12). Thus, Petitioner has already provided an explanation as to why he contends that he was not required to file his petition within one year of the date on which his conviction became final. The Court will, nevertheless, in an abundance of caution, grant Petitioner another 20 days in which to provide an additional explanation as to why the instant

§ 2255 petition should not be dismissed as untimely. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall have 20 days from entry of this Order in which to explain to the Court why the § 2255 Motion to Vacate should not be dismissed as untimely.

Signed: May 1, 2012

Frank D. Whitney
United States District Judge